# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RLI INSURANCE COMPANY**                                          **PLAINTIFF**

**V.**                                                     **CASE NO. 1:04CV54**

**TERRY H. HUNKPILLER, CAROLYN J.**
**HUNKAPILLER, W.M. MURPHY, III and**
**GREGORY D. KEENUM**                                            **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on the plaintiff's motion for summary judgment [31-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is RLI Insurance Company ("RLI"), while the only defendant against whom summary judgment is sought in the instant motion is Gregory D. Keenum. According to the Statement of Undisputed Facts submitted by the plaintiff, RLK, as surety, issued payment and performance bonds for the benefit of the WGS Construction Company in connection with several water association projects in Northeast Mississippi. As partial consideration for these bonds, Keenum, in his individual capacity, entered into several indemnity agreements with RLI. RLI subsequently received notices of claims against the payment and performance bonds and requested that Keenum, as indemnitor, furnish documentation and provide information of any defenses, offsets or credits with respect to the claims, as he was obliged to do in accordance with the indemnity agreements. Keenum failed to do so. RLI then gave Keenum notice of his duty as indemnitor to deposit such collateral with RLI as to cover any and all possible liabilities or losses as a result of claims filed against the bonds in accordance with the indemnity agreement. Keenum again did not comply and thereby defaulted under the terms and conditions of the indemnity agreements. RLI now

claims that it has incurred costs, liabilities and expenses in the amount of $196,348.11 as a result of investigating and resolving the claims against the bonds and that the total amount of costs, fees and expenses continues to increase. Keenum has refused to indemnify RLI for its losses.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

Keenum, in his response brief, does not deny that he is required to indemnify RLI. Instead, he argues that there are disputed issues of fact pertaining to the amount he is obligated to pay, primarily due to the fact that discovery had not been completed at the time the summary judgment motion was filed. These disputed issues of fact preclude summary judgment. While RLI argues that Keenum has no admissible evidence capable of putting the amount-in-controversy into dispute, the Court notes that the RLI's own brief suggests that the amount it is owed by Keenum continues to grow as litigation continues. Furthermore, the evidence that RLI has submitted in support of its motion consists of a considerable amount of documentation with little context, much of which is frankly illegible when reduced to .pdf format and filed electronically.

In light of these fact, the Court finds that disputed issues of fact surrounding the amount by which Keenum is entitled to indemnify the plaintiff preclude summary judgment. A separate order to that effect shall issue this day.

This is the 24th day of January, 2006.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**